```
                                              FILED
```

1   GLANCY BINKOW & GOLDBERG, LLP
2   LIONEL Z. GLANCY (SBN 134180)          2013 JUL 17  PM 3: 35
    MARC L. GODINO (SBN 182689)
3   KARA M. WOLKE (SBN 241521)             CLERK U.S. DISTRICT COURT
                                             CENTRAL DIST. OF CALIF.
4   1925 Century Park East, Suite 2100           LOS ANGELES
    Los Angeles, CA  90067
5   Telephone:  (310) 201-9150            BY _____
    Facsimile:  (310) 201-9160
6   Email: info@glancylaw.com
7
8   *Counsel for Plaintiff*
9
10               UNITED STATES DISTRICT COURT
11             CENTRAL DISTRICT OF CALIFORNIA
12
    MAJAR PRODUCTIONS, LLC, On      Case No. **CV13-05164 —Fmo**
13  Behalf of Itself and All Others           **(JCGx)**
    Similarly Situated,
14                                  **CLASS ACTION COMPLAINT FOR: (1)
                      Plaintiff,    INVALIDITY OF COPYRIGHT UNDER
15                                  THE COPYRIGHT ACT (17 U.S.C.
                                    §§ 101 *et seq.*); (2) DECLARATORY AND
16  v.                              INJUNCTIVE RELIEF UPON ENTRY
                                    OF DECLARATORY JUDGMENT; (3)
17  WARNER/CHAPPELL MUSIC,          VIOLATIONS OF CALIFORNIA
    INC. and SUMMY-BIRCHARD,        UNFAIR COMPETITION LAWS (Cal.
18  INC.,                           Bus. & Prof. Code §§ 17200 *et seq.*); (4)
                                    BREACH OF CONTRACT; and (5)
                      Defendants.   RESCISSION FOR FAILURE OF
19                                  CONSIDERATION**
20
                                    **CLASS ACTION**
21
                                    **DEMAND FOR JURY TRIAL**
22
23
24
25
26
27
28
                                                      **COPY**

Plaintiff Majar Productions, LLC ("Plaintiff" or "Majar"), on behalf of itself and all others similarly situated, by and through the undersigned attorneys, hereby alleges against defendants Warner/Chappell Music, Inc. ("Warner/Chappell") and Summy-Birchard, Inc. ("Summy-Birchard") (collectively, "Defendants") as follows:

## INTRODUCTION

1.      This action seeks to have the copyright that Defendants claim to "own" on one of the world's most popular and well-known songs, *Happy Birthday to You* ("*Happy Birthday*" or the "Song") declared invalid; to declare that *Happy Birthday* is dedicated to public use and rightfully exists in the public domain; and to return millions of dollars of unlawful licensing fees collected by Defendants pursuant to their wrongful and unlawful assertion of copyright ownership in the Song.

2.      More than 120 years after the first publishing of the melody to which the simple lyrics of *Happy Birthday* are set, Defendants boldly -- but wrongfully and unlawfully -- insist that they own the copyright to the melody and lyrics of *Happy Birthday*.   Desperate to assert this purported ownership right far and wide, Warner/Chappell declares in the first two sentences on the "About Us" page of its website that "Warner/Chappell Music is [Warner Music Group]'s award-winning global music publishing company. The Warner/Chappell Music catalog includes standards such as 'Happy Birthday To You'...."     Available at: http://www.warnerchappell.com/about.jsp?currenttab=about_us.

3.      Associated with their alleged copyright ownership, Defendants claim to own the exclusive rights to authorize the reproduction, distribution, timed synchronization, and public performances (among other purported rights) of the Song pursuant to federal copyright law.   In asserting these claims, Defendants have silenced those wishing to use, record and/or perform *Happy Birthday*, or have extracted millions of dollars in unlawful licensing fees for the Song's use.

4.       There is documentary evidence, dating as far back as 1893, which shows that the "copyright" to *Happy Birthday* – if there ever was a valid copyright to any part of the Song – expired no later than 1921 and that if Defendants own *any* rights to *Happy Birthday*, those rights are limited to the extremely narrow right to reproduce and distribute specific piano arrangements of the Song that were published in or around 1935.   Significantly, no court has ever adjudicated the validity or scope of Defendants' claimed interest in *Happy Birthday*, or in the Song's melody or lyrics (which, as set forth herein, are subject to separate and independent copyright interests).

5.       Various legal scholars and copyright and music industry experts agree with the foregoing, questioning the validity of Defendants' assertion of copyright in the Song, and supporting the conclusion that *Happy Birthday* properly exists in the public domain.   For example, Professor Robert Brauneis, Professor of Law and Co-Director of the Intellectual Property Law Program at George Washington University, and a leading legal scholar in intellectual property law, has stated that it is "doubtful" that *Happy Birthday* "is really still under copyright."

6.       Accordingly, Plaintiff Majar, on behalf of itself and all others similarly situated, seeks a declaration that *Happy Birthday* is dedicated to public use and rightfully exists in the public domain, as well as monetary damages and restitution of all the unlawful licensing fees that Defendants have improperly collected from Majar and other Class members.

## JURISDICTION AND VENUE

7.       The Court has subject-matter jurisdiction over this action pursuant to: (a) 28 U.S.C. § 1331 and 28 U.S.C. § 1338 with respect to claims seeking declaratory and other relief arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; (b) the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*; (c) diversity jurisdiction under

1  28 U.S.C. § 1332; and (d) supplemental jurisdiction pursuant to 28 U.S.C. § 1367

2  over the entire case or controversy.

3      8.    The Court has personal jurisdiction and venue is proper in this District

4  under U.S.C. §§ 1391(b)-(c) and U.S.C. § 1400(a), in that the claims arise in this

5  Judicial District where Defendants' principal place of business is located and where

6  Defendants regularly conduct business and may be found.  Moreover, the acts and

7  omissions alleged herein occurred in this jurisdiction and venue.

8                                    **PARTIES**

9      9.    Plaintiff Majar is a Los Angeles-based film production company that

10  produced the award winning documentary film "*No Subtitles Necessary: László &*

11  *Vilmos*" (hereafter, "*No Subtitles Necessary*" or the "Film").  The Film follows the

12  lives of renowned cinematographers László Kovacs ("Kovacs") and Vilmos

13  Zsigmond ("Zsigmond") from escaping the 1956 Soviet invasion of Hungary to the

14  present day.  As film students in Hungary, Kovacs and Zsigmond shot footage of the

15  Russian invasion of Budapest and subsequently risked their lives to smuggle it out of

16  the country. They fled to America and settled in Hollywood, eventually saving

17  enough money to buy their own 16mm camera to begin shooting movies.  Both rose

18  to prominence in the late 1960's and 1970's having shot films such as "Easy Rider,"

19  "Five Easy Pieces," "McCabe and Mrs. Miller," "Deliverance," "Paper Moon," and

20  "Close Encounters of the Third Kind." *No Subtitles Necessary* tells the story of their

21  lives and careers.

22      10.    Plaintiff Majar is a resident of Los Angeles County, California.  Under a

23  claim of copyright ownership by Defendants, on or about October 29, 2009, Plaintiff

24  Majar paid to defendant Warner/Chappell the sum of $5000 in exchange for

25  Defendants' agreement to grant to Majar a synchronization license to use *Happy*

26  *Birthday* in the Film.

27

28

11.    Defendant Warner/Chappell is a Delaware corporation with its principal place of business located at 10585 Santa Monica Boulevard, Los Angeles, California 90025. Warner/Chappell regularly conducts business within this Judicial District, where it may be found.

12.    Defendant Summy-Birchard, Inc. is a Wyoming corporation with its principal place of business located at 10585 Santa Monica Boulevard, Los Angeles, California 90025. Summy-Birchard regularly conducts business within this Judicial District, where it may be found. On information and belief, Summy-Birchard is a subsidiary of Warner/Chappell, having been acquired by Warner/Chappell in or around 1998.

## FACTUAL BACKGROUND: THE HISTORY OF *HAPPY BIRTHDAY*
## *"Good Morning to All"* and its Copyright History

13.    Sometime prior to 1893, Mildred J. Hill ("Mildred Hill") and her sister Patty Hill ("Patty Hill") (together, the "Hill Sisters") authored a manuscript which included sheet music for 73 songs. Most of the songs included in the manuscript were composed or arranged by Mildred Hill, with the words for most of the songs written or adapted by Patty Hill. Among the songs included in the manuscript was *"Good Morning to All."* The lyrics to *Good Morning to All* are: "Good morning to you, Good morning to you, Good morning dear children, Good morning to all."

14.    On or about February 1, 1893, the Hill Sisters sold and assigned all of their right, title, and interest in the written manuscript to Clayton F. Summy ("Summy") in exchange for 10 percent of retail sales of the manuscript. The sale included the song *Good Morning to All*.

15.    In or around 1893, Summy published the manuscript as a songbook titled "Song Stories for the Kindergarten." The songbook "Song Stories for the Kindergarten" included the song *Good Morning to All*.

16.    On or about October 16, 1893, Summy filed a copyright application (Reg. No. 45997) with the Copyright Office for "Song Stories for the Kindergarten." On the October 16, 1893, copyright application, Summy claimed to be the copyright's proprietor, but not the author of the copyrighted works.  The songbook "Song Stories for the Kindergarten" bears a copyright notice reading "Copyright 1893, by Clayton F. Summy."  As the copyright proprietor of "Song Stories for the Kindergarten," Summy asserted copyright ownership in the compilation of songs, as well as in each song (including the music and lyrics) contained therein, including *Good Morning to All*.

17.    On or about January 14, 1895, Summy incorporated the Clayton F. Summy Co. ("Summy Co.") under the laws of the State of Illinois for a limited term of 25 years.

18.    In 1896, Summy published a new and revised version of "Song Stories for the Kindergarten" (hereinafter, "Song Stories II"), which contained eight previously unpublished songs written by the Hill Sisters.  None of the eight additional songs included in Song Stories II was *Happy Birthday* or the lyrics to *Happy Birthday*.

19.    On or about June 18, 1896, Summy filed a copyright application (Reg. No. 34260) with the Copyright Office for the 1896 publication of Song Stories II.  On its June 18, 1896, copyright application, Summy again claimed to be the copyright's proprietor, but (again) not the author of the copyrighted works.  The 1896 version of Song Stories for the Kindergarten bears a copyright notice reading "Copyright 1896, by Clayton F. Summy."  As the copyright proprietor of "Song Stories II," Summy asserted copyright ownership in the compilation of songs, as well as in each song (including the music and lyrics) contained therein, including *Good Morning to All*.

20.    In 1899, Summy Co. published songs from the 1893 version of Song "Stories for the Kindergarten" in a songbook titled "Song Stories for the Sunday

School." Once again, among those songs included in "Song Stories for the Sunday School" was *Good Morning to All*. And yet again, neither the song *Happy Birthday* nor the lyrics to *Happy Birthday* were published in "Song Stories for the Sunday School."

21.    On or about March 20, 1899, Summy Co. filed a copyright application (Reg. No. 20441) with the Copyright Office for "Song Stories for the Sunday School." And once again, on the 1899 copyright application, Summy Co. claimed to be the copyright's proprietor, but not the author of the copyrighted works. "Song Stories for the Sunday School" bears a copyright notice reading "Copyright 1899 by Clayton F. Summy Co." As the copyright proprietor of "Song Stories for the Sunday School," Summy Co. asserted copyright ownership in the compilation of songs, as well as in each song (including the music and lyrics) contained therein, including *Good Morning to All*.

22.    In or about February, 1907, Summy Co. republished the song *Good Morning to All* as an individual musical composition. On or about February 7, 1907, Summy Co. filed a copyright application (Reg. No. 142468) with the Copyright Office for the song *Good Morning to All*. The lyrics to *Happy Birthday* do not appear in the 1907 publication of *Good Morning to All*.

**The Popular Adaptation of "*Good Morning to All*" into "*Happy Birthday*"**

23.    The lyrics of *Happy Birthday* are set to the melody from the song *Good Morning to All*. The lyrics to *Happy Birthday* are: "Happy Birthday to You, Happy Birthday to You, Happy Birthday dear [NAME], Happy Birthday to You." The lyrics to *Happy Birthday* were not published in the songbook "Song Stories for the Kindergarten."

24.    Even though the lyrics to *Happy Birthday* and the song *Happy Birthday* had not been fixed in a tangible medium of expression by any alleged author or

composer, on information and belief, the public began singing *Happy Birthday* in or around the early 1900s.

25. Upon information and belief, the lyrics to *Happy Birthday* (without the sheet music for the melody) were first published in 1911 by the Board of Sunday Schools of the Methodist Episcopal Church ("Board of Sunday Schools") in "The Elementary Worker and His Work," by Alice Jacobs and Ermina Chester Lincoln, as follows: "Happy birthday to you, Happy birthday to you, Happy birthday, dear John, Happy birthday to you." The lyrics were printed with a note that they were to be sung to the same tune as *Good Morning to All*. On or about January 6, 1912, the Board of Sunday Schools filed a copyright application (Reg. No. A303752) with the Copyright Office for "The Elementary Worker and His Work." While "The Elementary Worker and His Work" attributed authorship or identified the copyrights to many of the works included in the book, it did not attribute authorship or identify any copyright for the song *Happy Birthday*.

26. Upon information and belief, by 1912, various companies (such as Cable Company Chicago) had begun producing unauthorized printings of sheet music which included the song known today as *Happy Birthday* (*i.e.*, the melody of Good Morning to You with the lyrics changed to those of *Happy Birthday*). On information and belief, Cable Company Chicago never asserted copyright ownership in *Happy Birthday*.

### Copyright History of *Good Morning to All*

27. Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights to the original "Song Stories for the Kindergarten" and revised "Song Stories II" were vested solely in their proprietor, Summy.

28. Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights to "Song Stories for the Sunday School" and *Good Morning to All* were vested solely in their proprietor, Summy Co.

29.   On or about January 14, 1920, Summy Co. was dissolved in accordance with its limited (not perpetual) 25-year term of incorporation.  Summy Co. did not extend or renew the 1899 (Reg. No. 20441) copyright to "Song Stories for the Sunday School" or the 1907 (Reg. No. 142468) copyright to the individual publication of *Good Morning to All* prior to its dissolution.  Consequently, both copyrights expired and the works entered the public domain.

30.   The copyright to the original "Song Stories for the Kindergarten" (Reg. No. 45997) was not extended by Summy, and consequently expired on October 16, 1921. "Song Stories for the Kindergarten," including the song *Good Morning to All*, became dedicated to public use and fell into the public domain by no later than that date.

31.   The copyright to the revised Song Stories for the Kindergarten ("Song Stories II") (Reg. No. 34260) was not extended by Summy, and consequently expired on June 18, 1924. The revised Song Stories for the Kindergarten became dedicated to public use and fell into the public domain by no later than that date.

32.   In or around March 1924, the sheet music, along with the accompanying lyrics to *Happy Birthday* appeared in a songbook titled "Harvest Hymns," compiled and published by Robert H. Coleman ("Coleman").   Coleman did not claim authorship of the song entitled *Good Morning to All* or the lyrics to *Happy Birthday*. Moreover, although "Harvest Hymns" attributed authorship or identified the copyrights to many of the works included in the book, it did not attribute authorship or identify any copyright for *Good Morning to All* or *Happy Birthday*.

33.   On or about March 4, 1924, Coleman filed a copyright application (Reg. No. A777586) with the Copyright Office for "Harvest Hymns."   On or about February 11, 1952, the copyright was renewed (Reg. No. R90447) by the Sunday School Board of the Southern Baptist Convention.

34.     On or about April 15, 1925, Summy incorporated a new Clayton F. Summy Co. ("Summy Co. II") in Illinois.  Upon information and belief, Summy Co. II was not a successor to Summy Co.

35.     The sheet music, along with the accompanying lyrics to *Happy Birthday* was again published in 1928 in the compilation "Children's Praise and Worship."  On or about April 7, 1928, Gospel Trumpet Co. ("Gospel") filed a copyright application (Reg. No. A1068883) with the Copyright Office for "Children's Praise and Worship."  "Children's Praise and Worship" attributed authorship or identified the copyrights to many of the works included in the book.  Significantly, it did not attribute authorship or identify any copyright for the song *Happy Birthday*.

36.     "Children's Praise and Worship" did not provide any copyright notice for the combination of *Good Morning to All* with the lyrics to *Happy Birthday*, nor did it include the names of Mildred Hill or Patty Hill, and it did not attribute any authorship or ownership to the Hill Sisters.

37.     Upon information and belief, the Hill Sisters had not fixed the lyrics to *Happy Birthday* or the song (combined melody and lyrics) *Happy Birthday* in a tangible medium of expression, if ever, at any time before Gospel published the Song in "Children's Praise and Worship" in 1928.

38.     Upon information and belief, Summy sold Summy Co. II to John F. Sengstack ("Sengstack") in or around 1930.

39.     Upon information and belief, on or about August 31, 1931, Sengstack incorporated a third Clayton F. Summy Co. ("Summy Co. III") under the laws of the State of Delaware.  Upon information and belief, Summy Co. III was not a successor to Summy Co. or Summy Co. II.

40.     On or about May 17, 1933, Summy Co. II was dissolved for failure to pay taxes.

41.   On or about July 28, 1933, *Happy Birthday* was used in the world's first singing telegram.

42.   On or about September 30, 1933, the Broadway show "As Thousands Cheer," produced by Sam Harris with music and lyrics written by Irving Berlin, began using *Happy Birthday* in public performances.

43.   On August 14, 1934, Jessica Hill, a sister of Mildred and Patty Hill, commenced an action against Sam Harris in the Southern District of New York, captioned *Hill v. Harris*, Eq. No. 78-350, claiming that the performance of *Happy Birthday* in "As Thousands Cheer" infringed on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*.   Jessica Hill asserted no claim in that action regarding *Happy Birthday*, alone or in combination with *Good Morning to All*.

44.   On January 21, 1935, Jessica Hill commenced an action against the Federal Broadcasting Corp. in the Southern District of New York, captioned *Hill v. Federal Broadcasting Corp.*, Eq. No. 79-312, again claiming infringement on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*.   Again, Jessica Hill asserted no claim in that action regarding *Happy Birthday*, whether alone or in combination with *Good Morning to All*.

45.   In 1934 and 1935, Jessica Hill sold and assigned to Summy Co. III certain piano arrangements of *Good Morning to All*, including publishing, public performance, and mechanical reproduction rights, copyright, and extension of copyright in exchange for a percentage of the retail sales revenue from the sheet music.

### Early Attempts to Copyright *Happy Birthday*
### Related Only to Certain Musical Arrangements

46.   On or about December 29, 1934, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E45655) with the Copyright Office for the song *Happy Birthday*.   In that

December 1934 Copyright Application, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Preston Ware Orem ("Orem") and identified the copyrighted new matter as an "arrangement by piano solo."

47.   Significantly, the lyrics to *Happy Birthday* were not included on the work registered with the Copyright Office as Reg. No. E45655. Nor did the application contain the names of the Hill Sisters, and it neither claimed copyright in the lyrics to *Happy Birthday*, whether alone or in combination with the melody of *Good Morning to All*.

48.   The work registered with the Copyright Office as Reg. No. E45655 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

49.   On or about February 18, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E46661) with the Copyright Office for the song *Happy Birthday*.   In that February 1935 Copyright Application, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for four hands at one piano."

50.   Once again, the lyrics to *Happy Birthday* were not included on the work registered with the Copyright Office as Reg. No. E46661.  Nor did the application contain the names of the Hill Sisters, and it did not claim copyright in the lyrics to *Happy Birthday*, whether alone or in combination with the melody of *Good Morning to All*.

51.   And once again, the work registered with the Copyright Office as Reg. No. E46661 was determined to be ineligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

52.    Then, on or about April 5, 1935, Summy Co. III filed another Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47439) with the Copyright Office for the song *Happy Birthday*. And once again, in that April 1935 Copyright Application, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and this time claimed the copyrighted new matter as "arrangement of second piano part."

53.    Yet again, the lyrics to *Happy Birthday* were not included on the work registered with the Copyright Office as Reg. No. E47439.  Nor did the application contain the names of the Hill Sisters, and it did not claim copyright in the lyrics to *Happy Birthday*, whether alone or in combination with the melody of *Good Morning to All*.

54.    The work registered with the Copyright Office as Reg. No. E47439 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

55.    On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47440) with the Copyright Office for the song *Happy Birthday*.  In that additional April 1935 Copyright Application, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for six hands at one piano."

56.    Again, the lyrics to *Happy Birthday* were not included on the work registered with the Copyright Office as Reg. No. E47440.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday*, whether alone or in combination with the melody of *Good Morning to All*.

57.   And yet again, the work registered with the Copyright Office as Reg. No. E47440 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

58.   On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51988) with the Copyright Office for *Happy Birthday*.

59.   In that December 1935 Copyright Application, however, Summy Co. III this time claimed to be the proprietor of the copyright as a work for hire by R.R. Forman ("Forman") and claimed the copyrighted new matter as "arrangement for Unison Chorus and revised text." However, the sheet music deposited with the application credited Forman only for the arrangement, not for any lyrics, and again did not credit the Hill Sisters with writing the lyrics to *Happy Birthday*.

60.   For the first time, the lyrics to *Happy Birthday*, including a second verse as the revised text (and arguably copyrightable portion of the text), were included on the work registered with the Copyright Office as Reg. No. E51988. However, the December 1935 Copyright Application did not attribute authorship of the lyrics to either of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday*, whether alone or in combination with the melody of *Good Morning to All*.

61.   The work registered with the Copyright Office as Reg. No. E51988 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself.

62.   Moreover, the work registered as Reg. No. E51988 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish that work.

63.    On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51990) with the Copyright Office for *Happy Birthday*.  In that additional December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and  claimed the copyrighted new matter as "arrangement as easy piano solo, with text."   The sheet music deposited with the application credited Orem only for the arrangement, not for any lyrics, and did not credit the Hill Sisters with writing the lyrics to *Happy Birthday*.

64.    The lyrics to *Happy Birthday* were included on the work registered with the Copyright Office as Reg. No. E51990.  However, the additional December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters, did not contain the names of either of the Hill Sisters, and did not claim any copyright in the lyrics to *Happy Birthday*, whether alone or in combination with the melody of *Good Morning to All*.

65.    The work registered with the Copyright Office as Reg. No. E51990 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself.

66.    Moreover, the work registered as Reg. No. E51990 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish that work.

67.    In or around February 1938, Summy Co. III purported to grant to The American Society of Composers, Authors and Publishers ("ASCAP") the right to license *Happy Birthday* for public performances and to collect fees for such use on behalf of Summy Co. III.  ASCAP thus began working as agent for Summy Co. III in collecting fees for Summy Co. III for licensing *Happy Birthday*.

68.     On October 15, 1942, The Hill Foundation commenced an action against Summy Co. III in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, Case No. 19-377, for an accounting of the royalties received by it for the licensing of *Happy Birthday*. The Hill Foundation asserted claims under the 1893, 1896, 1899, and 1907 copyrights for *Good Morning to All* and, significantly, did not claim any copyright to the lyrics to *Happy Birthday*, whether alone or in combination with the melody of *Good Morning to All*.

69.     On March 2, 1943, The Hill Foundation commenced an action against the Postal Telegraph Cable Company in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co.*, Case No. 20- 7 439, for infringement of the Hill Sisters' purported 1893, 1896, and 1899 copyrights *to Good Morning to All*. The Hill Foundation asserted claims only under the 1893, 1896, and 1899 copyrights for *Good Morning to All* and did not claim any copyright to the lyrics to *Happy Birthday*, whether alone or in combination with the melody of *Good Morning to All*.

70.     Moreover, despite the filing of four prior cases in the Southern District of New York asserting copyrights to *Good Morning to All*, there has been no judicial determination of the validity or scope of any copyright related to *Good Morning to All*.

71.     In or around 1957, Summy Co. III changed its name to Summy-Birchard Company.

72.     In 1962, Summy Co. III (renamed as Summy-Birchard Company) filed renewals for each of the six registrations it obtained in 1934 and 1935 (Reg. Nos. E45655, E46661, E47439, E47440, E51988, and E51990), each renewal was specifically and expressly confined to the musical arrangements.

73.     In particular, on December 6, 1962, Summy Co. III filed a renewal application for Reg. No. E51988, as employer for hire of Forman. Forman did not

write the lyrics to *Happy Birthday* or the combination of those lyrics with the melody of *Good Morning to All*, and neither Summy Co. III (which eventually became Summy-Birchard Company) nor Warner/Chappell has claimed otherwise.

74.    Also on December 6, 1962, Summy Co. III filed a renewal application for Reg. No. E51990, as employer for hire of Orem.  Orem did not write the lyrics to *Happy Birthday* or the combination of those lyrics with the melody of Good Morning to All, and neither Summy Co. III (which eventually became Summy-Birchard Company) nor Warner/Chappell has claimed otherwise.

75.    Summy-Birchard Company was renamed Birch Tree Ltd. in the 1970s, and was later acquired by Warner/Chappell in or about 1998.  On information and belief, this entity now operates as "Summy Birchard, Inc." – currently a subsidiary of Warner/Chappell and Warner/Chappell's co-Defendant herein.

### *Happy Birthday* - 100 Years Later

76.    Defendants currently claim ownership of the exclusive copyright to *Happy Birthday* (both music and lyrics), purportedly based on the piano arrangements that Summy Co. III published in 1935.

77.    ASCAP provides public performance licenses to bars, clubs, websites, and many other venues.  ASCAP grants "blanket licenses" to licensees which convey upon licensees the right to publicly perform any or all of the over 8 million songs in ASCAP repertory in exchange for an annual fee.  The public performance license royalties are distributed to ASCAP members based on surveys of performances of each ASCAP repertory song across different media.  By registering *Happy Birthday* with ASCAP, Defendants obtain a share of blanket license revenue that would otherwise be paid to all other ASCAP members, in proportion to their songs' survey shares.

78.    Plaintiff Majar wished to use the *Happy Birthday* in the opening scene of the Film, wherein Zsigmond and others sang the Song to Kovacs in a celebration

of Kovacs' life and the friendship of the two, thereby setting the tone for the Film. Majar learned that defendant Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday*, including for purposes of issuing synchronization licenses.   Accordingly, on or about October 29, 2009, Plaintiff Majar paid to defendant Warner/Chappell the sum of $5000 for a synchronization license to use *Happy Birthday* in the Film.

## CLASS ALLEGATIONS

79.    Plaintiff Majar brings this action under Federal Rules of Civil Procedure 23(a) and (b) as a class action on behalf of itself and all others similarly situated for the purpose of asserting the claims alleged in this Complaint on a common basis.

80.    The proposed Class is comprised of:

> "All persons or entities (excluding Defendants' directors, officers, employees, and affiliates) who paid Warner/Chappell or Summy-Birchard, directly or indirectly to Defendants or their agents, a licensing fee to use the song *Happy Birthday* at any time within the four (4) years preceding the filing of this Complaint until Defendants' conduct as alleged herein has ceased."

81.    Although Plaintiff Majar does not know the exact size of the Class or the identities of all members of the Class, but upon information and belief alleges that such information can be readily obtained from the books and records of Defendants. Plaintiff believes that the Class includes thousands of persons or entities who are widely geographically disbursed. Thus, the proposed Class is so numerous that joinder of all members is impracticable.

82.    The claims of all members of the Class involve common questions of law or fact including, but not limited to:

a.    whether *Happy Birthday* rightfully exists in the public domain and should be deemed dedicated to public use;

      b.     whether Defendants are the rightful owners of the copyright to *Happy Birthday* and thus entitled to all of the rights conferred in 17 U.S.C. § 102;

      c.     whether Defendants have the right to charge and collect fees for the use of *Happy Birthday*;

      d.     whether Defendants violated the law by demanding and collecting fees for the use of *Happy Birthday*, despite not having a valid copyright to the song;

      e.     whether Defendants benefitted financially from its wrongful acts; and

      f.     whether Defendants should be required to return unlawfully obtained payments to Plaintiff and the other members of the Class.

83.     The common questions of law or fact at issue herein predominate over any potential individual issues.

84.     Plaintiff Majar's claims are typical of the claims of all other members of the Class and Plaintiff Majar's interests do not conflict with the interests of any other member of the Class, in that Plaintiff and the other members of the Class were subjected to the same unlawful conduct.

85.     Plaintiff Majar is committed to the vigorous prosecution of this action and has retained competent legal counsel experienced in class action and complex litigation.

86.     Plaintiff is an adequate representative of the Class and, together with its attorneys, is able to and will fairly and adequately protect the interests of the Class and its members.

87.     A class action is superior to other available methods for the fair, just, and efficient adjudication of the claims asserted herein. Joinder of all members of the

Class is impracticable and, for financial and other reasons, it would be impractical for individual members of the Class to pursue separate claims.

88.   ˙ Moreover, the prosecution of separate actions by individual members of the Class would create the risk of varying and inconsistent adjudications, and would unduly burden the courts.

89.   Plaintiff Majar anticipates no difficulty in the management of this litigation as a class action.

## FIRST CLAIM FOR RELIEF

## DECLARATORY JUDGMENT (28 U.S.C. § 2201)

## (On Behalf Of Plaintiff And The Class Against All Defendants)

90.   Plaintiff Majar repeats and realleges each and every foregoing allegation as though fully set forth herein.

91.   Plaintiff Majar brings this claim individually on its own behalf and on behalf of the proposed Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

92.   Plaintiff Majar seeks adjudication of an actual controversy arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, in connection with Defendants' purported copyright claim to *Happy Birthday*.  Plaintiff seeks the Court's declaration that the Copyright Act does not bestow upon Defendants the rights that they have asserted and enforced against Plaintiff Majar and the other members of the Class.

93.   Defendants wrongfully assert that they are entitled to mechanical and performance royalties pursuant to their claim of copyright ownership in the composition *Happy Birthday*, under threat of a claim of copyright infringement.

94.   Based upon their claim of copyright ownership in the Song, Defendants also demand that persons wishing to use the Song in timed synchronization pay to Defendants a synchronization license fee for such use.  Accordingly, Defendants demanded that Plaintiff Majar pay to Defendants a licensing fee in the sum of $5000

pursuant to Defendants' claim of copyright ownership, in order for Majar to use *Happy Birthday* in the Film. Defendants' demand was coercive in nature and Majar's agreement to pay the fee was involuntary.

95.   Plaintiff Majar's claim presents a justiciable controversy because its actual payment of Defendants' demanded fee to use *Happy Birthday* in the Film was the involuntary result of Defendants' assertion of a copyright and the risk that Plaintiff Majar would be exposed to substantial statutory penalties under the Copyright Act had it failed to seek Defendants' approval to use the Song and/or failed to pay Defendants' demanded fee.

96.   Plaintiff Majar seeks the Court's determination as to whether Defendants are entitled to assert ownership of the copyright to *Happy Birthday* against Majar pursuant to the Copyright Act as Defendants claim, or whether Defendants are wielding a false claim of ownership to inhibit Plaintiff Majar's (and the public's) use and enjoyment of intellectual property which is rightfully in the public domain.

97.   If and to the extent that Defendants rely upon the 1893, 1896, 1899, or 1907 copyrights for the melody *Good Morning to All*, those copyrights expired or were forfeited as alleged herein.

98.   As alleged above, the 1893 and 1896 copyrights to the original and revised versions of "Song Stories for the Kindergarten," which contained the song *Good Morning to All*, were not renewed by Summy and accordingly expired in 1921 and 1924, respectively.

99.   As alleged above, the 1899 copyright to "Song Stories for the Sunday School," which contained *Good Morning to All*, and the 1907 copyright to *Good Morning to All* were not renewed by Summy Co. before its expiration in 1920 and accordingly expired in 1927 and 1935, respectively.

100.   The 1893, 1896, 1899, and 1907 copyrights to *Good Morning to All* were forfeited by the republication of *Good Morning to All* in 1921 without proper notice of its original 1893 copyright.

101.   The copyright to *Good Morning to All* expired in 1921 because the 1893 copyright to Song Stories for the Kindergarten was not properly renewed.

102.   The piano arrangements for *Happy Birthday* published by Summy Co. III in 1935 (Reg. Nos. E51988 and E51990) were not eligible for federal copyright protection because those works did not contain original works of authorship, except to the extent of the piano arrangements themselves.

103.   The 1934 and 1935 copyrights pertained only to the piano arrangements, not to the melody or lyrics of the song *Happy Birthday*.

104.   The registration certificates for "The Elementary Worker and His Work" in 1912, "Harvest Hymns" in 1924, and "Children's Praise and Worship" in 1928, none of which attributed authorship of the lyrics to *Happy Birthday* to anyone, are *prima facie* evidence that the *Happy Birthday* lyrics were not authored by the Hill Sisters.

105.   If declaratory relief is not granted, Defendants will continue wrongfully to assert the exclusive copyright to *Happy Birthday* at least until 2030, when the current term of the copyright expires under existing  copyright law.

106.   Plaintiff therefore requests a declaration that:

a.   Defendants do not own the copyright to, or possess the exclusive right to reproduce, distribute, or publicly perform, *Happy Birthday*;

b.   Defendants do not own the exclusive right to demand or grant a license for use of *Happy Birthday*; and

c.   *Happy Birthday* is in the public domain and is dedicated to the public use.

## **SECOND CLAIM FOR RELIEF**

### **RELIEF UPON ENTRY OF DECLARATORY JUDGMENT (28 U.S.C § 2202)**

### **(On Behalf of Plaintiff and the Class Against All Defendants)**

107.   Plaintiff Majar repeats and realleges each and every foregoing allegation as though fully set forth herein.

108.   Plaintiff Majar brings this claim individually on its own behalf and on behalf of the Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

109.   28 U.S.C. § 2202 empowers this Court to grant, "necessary or proper relief based on a declaratory judgment or decree . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

110.   Plaintiff Majar and the other proposed Class members have been harmed, and Defendants have been unjustly enriched, by Defendants' takings.

111.   Plaintiff Majar seeks relief for itself and the other members of the proposed Class upon the entry of declaratory judgment upon Claim I, as follows:

   a.   an injunction to prevent defendants from making further representations of ownership of the copyright to *Happy Birthday*;

   b.   restitution to Plaintiff Majar and the other Class members of license fees paid to Defendants, directly or indirectly through their agents, in connection with the purported licenses they granted to Majar and the other Class members in connection with their claim to ownership of the copyright to *Happy Birthday*;

   c.   an accounting for all monetary benefits obtained by Defendants, directly or indirectly through their agents, from Plaintiff Majar and the other Class members in connection with their claim to ownership of the copyright to *Happy Birthday*; and

   d.   such other further and proper relief as this Court sees fit.

## THIRD CLAIM FOR RELIEF

### UNFAIR BUSINESS PRACTICES (*Cal Bus. & Prof. Code* §§ 17200 *et seq.*)

### (On Behalf of Plaintiff and the Class Against All Defendants)

112.   Plaintiff Majar repeats and realleges each and every foregoing allegation as though fully set forth herein.

113.   Plaintiff Majar brings this claim individually on its own behalf and on behalf of the Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

114.   As alleged herein, Plaintiff Majar and the other Class members have paid licensing fees to Defendants and have therefore suffered injury in fact and have lost money or property as a result of Defendants' conduct.

115.   California's Unfair Competition Law, *Business & Professions Code* §§ 17200 *et seq.* ("UCL"), prohibits any unfair, unlawful or fraudulent business acts or practices.

116.   Defendants' actions, claims, nondisclosures, omissions, and false and misleading statements, as alleged in this Complaint, were unfair, false, misleading, and likely to deceive the consuming public within the meaning of UCL §§ 17200 and 17500.

117.   Defendants' conduct in exerting control over exclusive copyright ownership to *Happy Birthday* to extract licensing fees is unfair, unlawful, and fraudulent because Defendants did not and do not own the rights to *Happy Birthday*.

118.   As a result of Defendants' unfair, unlawful and/or fraudulent acts and practices as alleged above, Plaintiff Majar and the other Class members have suffered substantial monetary injuries.   Thus, Plaintiff Majar and the other members of the Class have, in fact, been damaged as a result of their reasonable reliance upon Defendants' unfair, unlawful, and/or fraudulent acts, as alleged above.

119.   Plaintiff Majar and the other Class members reserve the right to allege other violations of law that constitute other unfair, deceptive, or fraudulent business acts or practices.  Such conduct is ongoing and continues to this date.

120.   As a result of their deception, Defendants' have been able to reap unjust revenue and substantial profit.

121.   Upon information and belief, Defendants collected and continue to collect at least $2 million per year in licensing fees for *Happy Birthday*.  Therefore, the amount in controversy exceeds $5 million in the aggregate.

122.   Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

123.   Plaintiff Majar, individually on its own behalf and on behalf of the other members of the Class, seeks restitution and disgorgement of all money obtained from Plaintiff and the other members of the Class, collected as a result of Defendants' unfair competition, and all other relief this Court deems appropriate, consistent with UCL § 17203.

## FOURTH CLAIM FOR RELIEF

### BREACH OF CONTRACT

#### (On Behalf of Plaintiff and the Class Against All Defendants)

124.   Plaintiff Majar repeats and realleges each and every foregoing allegation as though fully set forth herein.

125.   Plaintiff Majar entered into a license agreement with Defendant Warner/Chappell wherein Warner/Chappell represented and warranted that it and/or its co-Defendant Summy-Birchard owned the rights to *Happy Birthday* as licensed therein.

126.   Plaintiff Majar is informed and believes that Defendants' licensing agreements are the same or substantially similar as to all Class members, particularly with respect to Defendants' claim of ownership of the copyright to *Happy Birthday*.

127.   Plaintiff Majar and the Class have satisfied their obligations under each such licensing agreement with Warner/Chappell.

128.   As alleged herein, Defendants do not own the copyright interests claimed in *Happy Birthday* and, as a result of its unlawful and false assertions of the same, Defendants have violated the representations and warranties made in the licensing agreements, thereby materially breaching the licensing agreements.

129.   By reason of the foregoing, Plaintiff and the Class have been damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### RECISSION FOR FAILURE OF CONSIDERATION,

### (On Behalf of Plaintiff and the Class Against All Defendants)

130.   Plaintiff Majar repeats and realleges each and every foregoing allegation as though fully set forth herein.

131.   Defendants' purported licenses were worthless and ineffective, and do not constitute valid consideration.

132.   The complete lack of consideration obviates any need for notice to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Majar, on behalf of itself and the other members of the Class, prays for judgment against Defendants as follows:

A.   certifying the Class as requested herein;

B.   declaring that the song *Happy Birthday* is not protected by federal copyright law, is dedicated to public use, and is in the public domain;

C.   permanently enjoining Defendants from asserting any copyright to the song *Happy Birthday* and from charging or collecting any licensing or other fees for use of the song *Happy Birthday*;

D.     imposing a constructive trust upon the money Defendants unlawfully collected from Plaintiff Majar, the other members of the Class, and ASCAP for use of the song *Happy Birthday*;

E.     ordering Defendants to return to Plaintiff Majar and the other members of the Class all the licensing or other fees they collected, directly or indirectly through their agents, for use of the song *Happy Birthday*, together with interest thereon;

F.     awarding Plaintiff Majar and the other members of the Class restitution for Defendants' prior acts and practices;

G.     awarding Plaintiff Majar and the Class reasonable attorneys' fees and costs; and

H.     granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Majar hereby demands a trial by jury.  The allegations herein are triable by jury under Federal Rules of Civil Procedure 38-39.

DATED:     July 17, 2013          GLANCY BINKOW & GOLDBERG, LLP

LIONEL Z. GLANCY
MARC L. GODINO
KARA M. WOLKE
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160

*Attorneys for Plaintiff*

Name & Address:
GLANCY BINKOW & GOLDBERG, LLP
MARC L. GODINO (SBN 182689)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
(310) 201-9150

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJAR PRODUCTIONS, LLC, On Behalf of Itself and All Others Similarly Situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC. and SUMMY-BIRCHARD, INC.,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV13-05164** ~~Fmo/JLGA~~<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Marc L. Godino _____, whose address is  1925 Century Park East, Suite 2100, Los Angeles, CA  90067 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____JUL 1 7 2013____

By: ____MARILYN DAVIS____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
MAJAR PRODUCTIONS, LLC

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
WARNER/CHAPPELL MUSIC, INC. and SUMMY-BIRCHARD, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
GLANCY BINKOW & GOLDBERG, LLP
MARC L. GODINO (SBN 182689)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067 (310) 201-9150

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 2201 (Declaratory Judgment)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** ☐ 463 Alien Detainee | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 340 Marine | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☒ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act |  |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations |  |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 751 Family and Medical Leave Act |  |
|  | ☐ 220 Foreclosure |  | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act |  |
|  |  |  | ☐ 448 Education |  |  |

**FOR OFFICE USE ONLY: Case Number** CV13-05164

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ NO   ☒ YES

If yes, list case number(s): C.D. Cal. No. 13-CV-4460 (RSWL); S.D.N.Y. No. 13-CV-4040 (Stanton)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware<br>Wyoming |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: July 17, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Fernando M. Olguin and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

### CV13- 5164 FMO (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** | [_] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.